IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| H2L2 ARCHITECTS/PLANNERS, LLC, : | |
| Plaintiff,          : | CIVIL ACTION |
| : | |
| v.        : | |
| : | |
| TOWER INVESTMENTS, INC,   : | No. 12-6927 |
| Defendant.         : | |

**MEMORANDUM**

**Schiller, J.**                                                                               **January 31, 2013**

Tower Investments, Inc. ("Tower") hired H2L2 Architects/Planners, LLC ("H2L2") to draft architectural drawings and designs for a project undertaken by Tower. H2L2 did the work, but Tower did not pay the bills in full. Nonetheless, Tower continued to use the drawings for the construction project. H2L2 sued for breach of contract and copyright infringement. Tower has moved to dismiss the copyright infringement claim. For the reasons below, the motion is denied.

**I.     BACKGROUND**

In fall of 2008, Tower and H2L2 reached an oral agreement in which Tower hired H2L2 for architectural design services related to a construction project known as the Residences at North Avenue. (Compl. ¶ 8.) H2L2 rendered architectural designs and drawings for the project and provided copies of designs for use with the project. (*Id*. ¶¶ 18-19.) Tower could use H2L2's designs only if it complied with all contractual obligations it owed to H2L2, including paying H2L2. (*Id*. ¶ 20.) H2L2 invoiced Tower for the work it performed but Tower has not paid all of the bills and still owes H2L2 $72,989.75. (*Id*. ¶ 13.) Nonetheless, Tower continued to use, reproduce, and offer for sale H2L2's designs in the construction, marketing, and advertisement of the Residences at North

Avenue. (*Id.* ¶¶ 26-27.) H2L2's attempts to collect payment have proved fruitless, though Tower has agreed to pay what it owes. (*Id.* ¶¶ 14-15.)

Plaintiff attached to its Complaint two copyright registrations, both with an effective date of registration of May 25, 2012 and titled "The Residences at Avenue North." (Compl. Ex. B [Registrations].) The registrations state that the copyright claimant is H2L2 Architects/Planners, LLC. (*Id.*)

## II.  STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers & Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assocs.*, 237 F.3d 270, 272 (3d Cir. 2001). A court need not, however, credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678. Simply reciting the elements will not suffice. *Id*. (concluding that a pleading that offers labels and conclusions without further factual enhancement will not survive motion to dismiss); *see also Phillips*, 515 F.3d at 231.

The Third Circuit Court of Appeals has directed district courts to conduct a two-part analysis when faced with a 12(b)(6) motion. First, the legal elements and factual allegations of the claim should be separated, with the well-pleaded facts accepted as true but the legal conclusions disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make a commonsense determination of whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *Id*. at 211. If the court can only infer the mere possibility of misconduct, the complaint must be dismissed because it has alleged—but has failed to show—that the pleader is entitled to relief. *Id*.

When faced with a motion to dismiss for failure to state a claim, courts may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004). A district court may also consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss, if the plaintiff's claims are based on the document. *Pension Ben. Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

**III.    DISCUSSION**

Tower accuses H2L2 of "trying to 'create' Federal jurisdiction where otherwise there would be none." (Mem. of Law in Supp. of Def.'s Mot. to Dismiss Counts IV and V of Pl.'s Compl. [Def.'s Mem.] at 4.) Specifically, Tower claims that H2L2 failed to copyright its designs until four years

after the parties entered into an alleged oral contract to construct residences. (*Id*.) According to Tower, the parties never "discussed a copyright or any agreement relating thereto." (*Id*. at 2.)

Tower's arguments miss the mark. Its statement that H2L2 waited four years to copyright its technical drawings is incorrect. "A copyright automatically exists the moment copyrightable subject matter is created." *Granger v. Acme Abstract Co.*, Civ. A. No. 09-2119, 2012 WL 4506674, at *2 (D.N.J. Sept. 27, 2012). H2L2 waited four years to register its copyright. Registration is simply a prerequisite to filing a copyright infringement lawsuit. 17 U.S.C. § 411(a); *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1242 (2010).

Defendant points to no legal principle that would bar Plaintiff from bringing a copyright infringement lawsuit because the copyrighted material at issue was registered after the alleged infringing acts. *See Edmark Indus. v. S. Asia Int'l Ltd.*, 89 F. Supp. 2d 840, 844 (E.D. Tex. 2000) ("Registration after the infringement does not preclude any recovery for copyright infringement.").

Of course, H2L2 must state a claim for copyright infringement to survive Tower's motion to dismiss. To state a claim for copyright infringement, the plaintiff must show: (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). A copyright registration certificate issued within five years of the work's publication date creates a presumption of ownership of a valid copyright. 17 U.S.C. § 410(c). In the absence of direct evidence of copying, the copying element of an infringement claim "may be proved inferentially by showing that the defendant had access to the allegedly infringed copyrighted work and that the allegedly infringing work is substantially similar to the copyrighted work." *Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 1231-32 (3d Cir. 1986).

Plaintiff's Complaint alleges that Tower has made unauthorized use of its copyrighted material, including copying the designs and constructing the residences based on the designs, preparing pictures and renderings of the residence based on Plaintiff's designs, and offering to sell Plaintiff's designs. (Compl. ¶¶ 27-28.) These allegations, though somewhat lacking in specificity, cross the line set forth in *Twombly* and *Iqbal* to render the claim plausible and thus survive a motion to dismiss. A fair reading of H2L2's allegations is that Tower was investing in a construction project, H2L2 drew up plans for the project, and Tower failed to pay its bill in full yet nonetheless used H2L2's copyrighted material to move forward with its building plans, including construction of the project. These allegations, accepted as true at this stage of the litigation, state a claim for copyright infringement.

Tower's arguments in favor of dismissal are unpersuasive. For example, the fact that the parties did not discuss copyrights when they reached an agreement is irrelevant to whether H2L2 has stated a claim for copyright infringement. The lack of discussion on the subject does not provide Tower with immunity from a copyright infringement lawsuit. Tower also cites law for the proposition that copyright licenses and transfers cannot be retroactively applied. (Def.'s Mem. at 3-5.) Plaintiff's allegations, however, mention nothing of any copyright license or transfer.

**IV.     CONCLUSION**

H2L2 has stated a claim for copyright infringement and the Court will therefore deny Defendant's motion to dismiss. An Order consistent with this Memorandum will be docketed separately.